**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **COREEN T.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CBD-19-3372** |
| | ) | |
| **KILOLO KIJAKAZI[1],** | ) | |
| | ) | |
| **Commissioner,** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Coreen T. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial

review of the final decision of the Commissioner of the Social Security Administration

("Commissioner"). The Administrative Law Judge ("ALJ") denied Plaintiff's claim for

Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act

("SSA"). Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"),

ECF No. 12, Plaintiff's Alternative Motion for Remand, ECF No. 12, ("Plaintiff's Alternative

Motion"), and Defendant's Motion for Summary Judgment ("Defendant's Motion"), ECF No.

13. The Court has reviewed the motions, related memoranda, and the applicable law. No

hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons presented below, the

Court hereby **DENIES** Plaintiff's Motion, **DENIES** Defendant's Motion, **GRANTS** Plaintiff's

---

[1] When this proceeding began, Andrew Saul was the Acting Commissioner of the Social Security Administration. On July 9, 2021, Kilolo Kijakazi was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Alternative Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42

U.S.C. § 405(g) for further proceedings consistent with this opinion.  A separate order will issue.

## I.      Procedural Background

On August 28, 2013, Plaintiff filed for SSI under Title XVI of the SSA, alleging

disability beginning August 28, 2013.[2]  R. 13.  Plaintiff alleged disability due to diabetes,

hypertension, heart condition, back and knees, severe neuropathy, and arthritis.  R. 52, 63.

Plaintiff's claim was initially denied on March 4, 2014, and upon reconsideration on May 27,

2014.  R. 13.  An administrative hearing was held on June 29, 2016.  R. 13.  On August 2, 2016,

Plaintiff's claim for SSI was denied.  R. 23.  Plaintiff sought review by the Appeals Council,

which concluded on June 12, 2017, there was no basis for granting the request for review.  R. 1.

On October 2, 2018, this Court reversed the Commissioner's judgment in part, and

remanded the case to the Commissioner.  R. 700-01.  This Court found that the Commissioner

erred by incorrectly deeming all of Plaintiff's various medically determinable impairments to be

non-severe.  R. 703-04.  This Court also found that the ALJ erroneously relied exclusively on

Plaintiff's objective medical evidence to evaluate Plaintiff's allegations of pain.  R. 704.  Further,

this Court found that the ALJ's evaluation of Plaintiff's nurse practitioner was flawed.  R. 705.

Accordingly, the Appeals Council vacated the ALJ's hearing decision, and remanded the case for

further proceedings.  R. 711.

On April 9, 2019, a remand hearing was held.  R. 611.  On July 30, 2019, Plaintiff's

claim for SSI was again denied.  R. 621.  Plaintiff filed a second appeal with this Court.  ECF

No. 1.

---

[2] Plaintiff has a prior denial at the initial level on January 3, 2007.  R. 13.  This claim was not pursued further.  A
new claim was filed on August 28, 2013.

## II.    Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2019). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law.  *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163-64 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).  "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002).  Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x at 164.  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court

3

uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'").  The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts.  *Hays*, 907 F.2d at 1456 (citations omitted).  If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title XVI if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. §416.905(a) (2012).  The Code of Federal Regulations outlines a five-step process ("Five-Step Analysis") that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §416.920(a)(4)(i)(2012).  If he is doing such activity, he is not disabled.  If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [416.909] or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 416.920(a)(4)(ii) (2012).  If he does not have such impairment or combination of impairments, he is not disabled.  If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. § 416.920(a)(4)(iii) (2012).  If he does have such impairment, he is disabled.  If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §416.920(a)(4)(iv) (2012).  If he can perform such work, he is not disabled.  If he cannot, proceed to step five.

5)  Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience.  20 C.F.R. §416.920(a)(4)(v) (2012).  If he can perform other work, he is not disabled.  If he cannot, he is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis."  20 C.F.R. § 416.945(b)-(c). In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'"  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 416.945(a). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  *See Thomas*, 916 F.3d at 311; SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996).  "Once the ALJ has completed the function-by-function analysis, the ALJ can make a finding as to the claimant's RFC."  *Thomas*, 916 F.3d at 311.  "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence."  *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).  "[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's

analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

### III.   Analysis

The ALJ evaluated Plaintiff's claim using the Five-Step Analysis.  R. 613–21.  At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 28, 2013, the alleged onset date.  R. 613.  At step two, under 20 C.F.R. §416.920(c), the ALJ determined that Plaintiff had the following severe impairments: diabetes mellitus; obesity; hypertension; atherosclerosis of extremity arteries; peripheral neuropathy; pes planus (flat feet); lumbar and thoracic spine degenerative disc disease; GERD; left knee osteoarthritis; right foot plantar fasciitis; and left wrist injury/tendonitis status post March 2017 motor vehicle accident. R. 613-14.  The ALJ stated that the listed impairments were severe because they "significantly limit [Plaintiff's] ability to perform basic work activities."  R. 614.  At step three, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§416.920(d), 416.925 and 416.926)."  R. 614.  Before turning to step four, the ALJ determined that from August 28, 2013 through March 9, 2017, Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b).  The ALJ discerned that Plaintiff had the following limitations:

> [Plaintiff] could only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; and never climb ladders, ropes, and scaffolds.  [Plaintiff] required the ability to periodically alternate between sitting and standing at irregular intervals but with the understanding that the person would still be capable of remaining on task sufficiently to maintain satisfactory productivity levels.  The undersigned further finds that since March 10, 2017, [Plaintiff] retain[ed] the same capacity and is further limited to only frequently handling and fingering with the non-dominant left upper extremity.

R. 615.  At step four, the ALJ determined Plaintiff has no relevant past work, but that there are jobs that exist in significant numbers, in the national economy that Plaintiff can perform.  R. 619. The ALJ found that Plaintiff has not been under a disability, since August 28, 2013, as defined in the SSA.  R. 620.

On appeal, Plaintiff argues that the Court should reverse the final decision of the ALJ, or in the alternative, remand the case to the Commissioner for further proceedings, alleging that Defendant's final decision is not supported by substantial evidence.  Pl.'s Mot. 1, ECF No. 12. Specifically, Plaintiff alleges that 1) the ALJ failed to provide a function-by-function assessment; 2) the ALJ erroneously discounted Plaintiff's symptoms solely on objective evidence; and 3) the ALJ erroneously failed to determine the extent of Plaintiff's symptoms and "bad days."  Pl.'s Mem. in Supp. of Pl.'s Mot. 9, ECF No. 12–1.  For the reasons set forth below, the Court **REVERSES** the ALJ's decision and **REMANDS** the matter for further proceedings.

Plaintiff argues throughout her brief that the ALJ erroneously evaluated her subjective complaints.[3]  *See generally* Pl.'s Mem. in Supp. of Pl.'s Mot.  Defendant argues that the ALJ properly supported his assessment of Plaintiff's subjective complaints with reference to valid considerations.  Def.'s Mem. in Supp. of Def.'s Mot. 11, ECF No. 13-1.  The Court finds that the ALJ applied an incorrect standard when analyzing Plaintiff's subjective complaints.

Before addressing the issue at hand, the Court will review its' Remand Order.  Plaintiff contends that "the also ALJ ignored [this Court's] admonition in the first remand; 'here the ALJ's apparent determination that objective medical evidence alone had to establish [Plaintiff's] degree of pain intensity improperly increased her burden of proof (internal citations omitted).'"

---

[3] The Court has summarized Plaintiff's arguments for conciseness.

Pl.'s Mem. in Supp. of Pl.'s Mot. 12; *see also* R. 705.  In its' Remand Order, the Court

articulated that:

> [T]he ALJ's reliance exclusively on the objective test results to evaluate [Plaintiff's]
> allegations of disabling pain is problematic. The regulations prohibit an ALJ from
> rejecting 'your statements about the intensity and persistence of your pain or other
> symptoms or about the effect your symptoms have on your ability to work solely because
> the available objective medical evidence does not substantiate your claims.'

R. 704-05.  This Court also stated that "although the ALJ attempts to suggest that [Plaintiff's]

activity level belies her allegations of disabling pain, the ALJ's recitation of her activities

actually seems to substantiate some significant limitations."  R. 705.  Although the ALJ pointed

to other evidence when discounting Plaintiff's subjective complaints, (R. 617-18), for the reasons

explained below, the ALJ still erroneously evaluated Plaintiff's subjective complaints, and failed

to rectify this issue on remand.

In evaluating a claimant's subjective complaints pursuant to 20 C.F.R. § 416.929, the

ALJ is required to follow a two-step process.  *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83,

95 (4th Cir. 2020) (alteration in original) (citations omitted).  First, the ALJ must find that

objective medical evidence is present to show that a claimant has a medical impairment which

could reasonably be expected to produce the symptoms alleged.  20 C.F.R. § 416.929(b).  At the

second step, the ALJ must evaluate the intensity and persistence of a claimant's symptoms to

determine the extent to which it affects her ability to work.  20 C.F.R. § 416.929(c).  This step

requires the ALJ to assess the credibility of the claimant's statements about her symptoms and

their effect on her ability to perform work activities.  *E.g.*, *Lewis v. Berryhill*, 858 F.3d 858, 866

(4th Cir. 2017) (citing 20 C.F.R. § 416.929(c)(4)).  A claimant's subjective statements about pain

intensity or persistence "cannot be discounted solely based on objective medical findings."  *Id.*

Rather, if an ALJ finds that a claimant's statements are less than fully credible, he must support

this conclusion by identifying which statements he finds less than credible and explaining "how he decided which . . . to believe and which to discredit." Mascio, 780 F.3d at 640.

Here, the ALJ found that based on the objective medical evidence, "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms." R. 616. The ALJ then evaluated Plaintiff's statements and determined that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." R. 616. However, the ALJ failed to identify which of Plaintiff's statements the ALJ found to be less than credible and how he made his determination.

When considering Plaintiff's allegations and subjective complaints, the ALJ explained that:

> [Plaintiff] alleged that she is fully disabled by her conditions, including pain from her back and knees and difficulties from her diabetes, neuropathy, cardiovascular, and gastrointestinal impairments. [Plaintiff] contended that she is in constant pain, and has difficulty even getting out of bed or going to the bathroom and showering without assistance. [Plaintiff] argued that she has trouble sitting, standing, reaching overhead, lifting anything heavy, and picking something up from the ground. [Plaintiff] recounted having constant burning in her feet, aches and pain in her body, and constant pressure in her back, which prevent her from sleeping. [Plaintiff] testified she could stand and or walk for only a few minutes before needing to sit and could sit for five to ten minutes before needing to stand. [Plaintiff] testified that she needs assistance with almost all daily activities, including getting to the bathroom, getting in the shower, dressing and performing household chores. [Plaintiff] reported she is unable to walk in a store and uses a portable cart. [Plaintiff] stated her pain level is an 8 on a good day and a 10 on a bad day, and she has bad days three weeks out of the month. [Plaintiff] stated she would be unable to work because she would miss every day due to pain. Ultimately, [Plaintiff] contended that the combined effects of her medical conditions prevent her from working on a regular and continuing basis (internal citations omitted).

R. 615-16. The ALJ then reviewed Plaintiff's medical evidence extensively, noting any statements concerning pain and summarizing the objective medical findings, but not drawing any specific conclusions concerning their credibility. The ALJ concluded that:

> [Plaintiff's] subjective statements are not entirely consistent with her allegations of disability.  After the alleged onset date, [Plaintiff] reported no problem with personal care, being able to cook, clean, and drive (internal citations omitted).  [Plaintiff] reported being able to watch tv for 8 hours a day (internal citations omitted).  Although somewhat limited by pain, [Plaintiff] reported occasionally exercising to lose weight, including doing sit-ups and walking up and down stairs (internal citations omitted).  While [Plaintiff] occasionally reported her foot pain and abdominal pain were worse, when her blood sugars were well controlled, she reported being well, having good energy, sleeping 6-8 hours nightly, and only minor issues related to her combined medical conditions (internal citations omitted).  Although [Plaintiff] alleged her treatments only helped a little, she reported 60% to excellent pain relief from her facet and joint injections and that her increased gabapentin "really worked" for her pain without any side effects, and the Lyrica helped her numbness (internal citations omitted).  Furthermore, the record does not support she was prescribed an assistive device, and she only reported borrowing a friend's cane/walker occasionally after November 2017 (internal citations omitted).  Overall, these statements reveal a significantly greater functional capacity than alleged.

R. 617-18.  The Court finds that the ALJ failed to properly assess the credibility of Plaintiff's statements about her symptoms and their effect on her ability to perform work activities.   The ALJ also impermissibly relied solely on objective medical findings when disregarding Plaintiff's subjective statements.

Upon reviewing the record, the ALJ erroneously discounted Plaintiff's subjective complaints when considering Plaintiff's limitations in the RFC.  For instance, the ALJ made statements such as "[r]egarding the diabetes and neuropathy, the objective medical evidence supports the limitation for light work with reduced postural movements"; "[r]egarding the musculoskeletal dysfunction, the objective medical evidence supports the limitation for light work with reduced postural movements, left hand use, and a sit/stand option"; "[r]egarding the cardiovascular and gastrointestinal dysfunction, the objective medical evidence supports the limitation for light work with postural movements"; and "[Plaintiff's] complaints of back and extremity pain have been investigated by diagnostic testing."  R. 616–17.  The ALJ also boldly stated that "the above-assessed reduced light residual functional capacity is supported by the

objective medical evidence." R. 618.  For each of the above explanations, the ALJ

impermissibly only used objective evidence to support Plaintiff's limitations in the RFC.

Plaintiff also avers that "[t]he ALJ rejected any elevation of the feet for pedal edema

solely on the ground that the swelling had not been clinically observed as even moderate and did

not require significant diuretic treatment." Pl.'s Mem. in Supp. of Pl.'s Mot. 12.  Plaintiff states

that the ALJ's statement is a "blatant violation of §416.929(c)(2) . . . [and that the ALJ] relies

solely on objective evidence."[4] *Id.*  This Court agrees.  The ALJ specifically pointed out that:

> Regarding the cardiovascular and gastrointestinal dysfunction, the objective medical
> evidence supports the limitation for light work with postural movements . . . [Plaintiff's]
> complaints of bilateral lower extremity swelling . . . have been investigated by diagnostic
> testing. . . Clinical findings have noted intermittent weak pulses in her bilateral lower
> extremities with some edema but no varicosities . . . Overall, [Plaintiff's] intermittently
> observed mild bilateral lower extremity swelling supports the limitation to light work
> with reduced postural movements.  But as the swelling has not been observed as even
> moderate or requiring significant diuretic treatment, no further limitations are supported.

R. 617.  The ALJ committed reversible error when he stated that "as the swelling has not been

observed as even moderate or requiring significant diuretic treatment, no further limitations are

supported." R. 617.  Since the severity of some symptoms cannot always be observed

exclusively by objective medical evidence, the ALJ is not permitted to reject statements

regarding the intensity and persistence of pain or other symptoms solely because they are not

substantiated by the objective medical evidence.  20 C.F.R. § 416.929(c)(2); *Hines v. Barnhart*,

---

[4] With respect to this issue, Plaintiff also argues that the above-referenced statement from the ALJ "is further
improper, because the ALJ [is] not a medical expert and had no evidence as to the appropriate of diuretic treatment
for a patient with [Plaintiff's] constellation of impairments." Pl.'s Mem. in Supp. of Pl.'s Mot. 12.  While the Court
tends to generally agree with Plaintiff and finds that the ALJ impermissibly "played doctor" by coming to a medical
conclusion without a medical degree, the Court declines to address this specific issue, as it is not dispositive to the
Court's Order.  *See Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) ("In light of the extensive treatment Lewis
received for her various conditions, the ALJ's designation of Lewis' course of treatment as 'conservative' amounts
to improperly 'playing doctor' in contravention of the requirements of applicable regulations." ); see also *Id.* (citing
*Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015) ("The ALJ's conclusion is not supported by any medical evidence
in the record; it amounts to the ALJ improperly 'playing doctor.")).

453 F.3d 559, 563-64 (4th Cir. 2006). "To the extent that the ALJ stated that he considered other evidence, 'ALJs apply an incorrect legal standard by requiring objective evidence of symptoms even when they also consider other evidence in the record.'" *Willie L. v. Kijakazi*, No. CV TMD 20-3279, 2021 WL 5233565, at *5 (D. Md. Nov. 10, 2021) (citing *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). Also, "ALJs who require a claimant's subjective descriptions of her symptoms to be supported by objective medical evidence improperly increase the claimant's burden of proof." *Mary H. v. Kijakazi*, No. CV TMD 20-1718, 2021 WL 3617212, at *6 (D. Md. Aug. 16, 2021) (citing *Arakas,* 983 F.3d at. 96).

Nowhere in the ALJ's analysis, did the ALJ discuss whether her subjective complaints afforded Plaintiff any limitations. Further, nowhere in his assessment does the ALJ explain which of Plaintiff's subjective statements he found to be credible or less than credible, nor the reasoning he applied in making that determination. *See Mascio*, 780 F.3d at 640 (ordering remand based on an ALJ's "lack of explanation" where it only included a "vague (and circular) boilerplate statement that [the ALJ] did not believe any claims of limitations beyond what he found when considering [the plaintiff's RFC]"). *Mascio*, "requires the ALJ to articulate which of a claimant's individual statements are credible, rather than whether the claimant is credible as a general matter." *Laroche v. Berryhill*, No. CV TMD 16-3214, 2018 WL 1243545, at *6 (D. Md. Mar. 9, 2018) (citing *Armani v. Comm'r, Soc. Sec. Admin.*, No. JMC-14-CV-976, 2015 WL 2062183, at *1 (D. Md. May 1, 2015)).

While the ALJ did point to Plaintiff's activities of daily living and pain relief Plaintiff experienced from taking medication, the ALJ failed to explain how this casted doubt on the credibility of Plaintiff's statements concerning her symptoms. R. 617-18. Without a narrative discussion from the ALJ explaining the role of that evidence in his determination, the Court

cannot determine if substantial evidence supports the ALJ's decision. *Laroche*, 2018 WL 1243545 (citing *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017)). "'A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'" *Lewis*, 858 F.3d at 866 (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)).

Further, the ALJ erred when he relied on Plaintiff's ability to do basic living activities as a basis to reject Plaintiff's subjective complaints. "When assessing the effect of claimants' activities of daily living on their physical RFC, ALJs must be careful not to place too much emphasis on simple tasks that are insufficiently indicative of a claimant's ability to do work existing in the national economy." *Eiker v. Astrue*, No. CIV.A. CBD-11-3584, 2013 WL 2149755, at *3 (D. Md. May 15, 2013). "[A] claimant need not be constantly bedridden or completely incapacitated to be found disabled." *Morgan v. Barnhart*, 142 F. App'x 716, 729 (4th Cir. 2005) (quoting *Trotten v. Califano,* 624 F.2d 10, 11–12 (4th Cir.1980)). Individual or sporadic instances of activity do not necessarily demonstrate a person's ability to work on a sustained basis for eight hours per day. *See Bauer v. Astrue*, 532 F.3d 606, 609 (7th Cir. 2008) ("A person who has a chronic disease, whether physical or psychiatric, and is under continuous treatment for it with heavy drugs, is likely to have better days and worse days."). Further, the ability to engage in some light activity does not necessarily translate into the ability to do substantial gainful activity. *See Morgan*, 142 F. App'x at 729 (finding improper the ALJ's adverse credibility judgment against a plaintiff who occasionally practiced needlepoint and crochet); *Higginbotham v. Califano*, 617 F.2d 1058, 1060 (4th Cir. 1980) ("The Secretary did not discharge his burden of proof that Higginbotham can do sedentary work by relying on the fact

13

that she, at her own pace and in her own manner, can do her housework and shopping."); *McCoy v. Astrue*, No. 6:10-380-MBS, 2011 WL 2418681, at *12 (D.S.C. May 2, 2011) (finding improper the ALJ's adverse credibility judgment against claimant who would load dishwasher and fold clothes, and went to Aruba on his honeymoon), *report and recommendation adopted*, No. 6:10-0380-MBS, 2011 WL 2413177 (D.S.C. June 13, 2011); *Rainey v. Astrue*, No. 7:09-CV-74-BO, 2010 WL 2402891, at *2 (E.D.N.C. June 11, 2010) (rejecting ALJ's reliance on plaintiff's ability to do housework "at her own pace with periods where no work was performed").

As mentioned above, the ALJ found that:

> [Plaintiff] reported no problem with personal care, being able to cook, clean, and drive (internal citations omitted).  [Plaintiff] reported being able to watch tv for 8 hours a day (internal citations omitted).  Although somewhat limited by pain, [Plaintiff] reported occasionally exercising to lose weight, including doing sit-ups and walking up and down stairs (internal citations omitted).

617-18.  However, absent further explanation, this evidence is insufficient evidence to support the ALJ's decision to completely reject all of Plaintiff's subjective complaints.  *Lewis*, 858 F.3d at 868 n.3 (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)) (asserting that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations).  The ALJ also did not "'explain how those activities showed that [Plaintiff] could sustain a full-time job' and could actually perform the tasks required by light work." *Willie L. v. Kijakazi*, No. CV TMD 20-3279, 2021 WL 5233565, at *6 (D. Md. Nov. 10, 2021) (citing *Brown*, 873 F.3d at 269; *see Arakas*, 983 F.3d at 100 ("[a]n ALJ may not consider the type of activities a claimant can perform without also considering the extent to which she can perform them.") (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)); *see also* (*Woods*, 888 F.3d at 694

The ALJ concluded that [the claimant] could perform 'medium work' and summarized evidence that he found credible, useful, and consistent.  But the ALJ never explained how he concluded—*based on this evidence*—that [the claimant] could actually perform the tasks required by 'medium work,' such as lifting up to 50 pounds at a time, frequently lifting or carrying up to 25 pounds, or standing or walking for six hours.

For the same reasons, the ALJ erred when using Plaintiff's relief from treatment as a basis to discount Plaintiff's subjective complaints.  As stated above, when discounting Plaintiff's subjective complaints, the ALJ explained that:

While [Plaintiff] occasionally reported her foot pain and abdominal pain were worse, when her blood sugars were well controlled, she reported being well, having good energy, sleeping 6-8 hours nightly, and only minor issues related to her combined medical conditions (internal citations omitted).  Although she alleged her treatments only helped a little, she reported 60% to excellent pain relief from her facet and joint injections and that her increased gabapentin "really worked" for her pain without any side effects, and the Lyrica helped her numbness (internal citations omitted).

R. 618.  The ALJ here, also failed to "build an accurate and logical bridge," and explain how this allowed Plaintiff to engage in sustained work for a full eight-hour workday.  *See* 20 C.F.R. § 416.929(a) (directing the ALJ to determine the extent to which alleged functional limitations due to pain or other symptoms can reasonably be accepted as consistent with the objective medical evidence to decide how [a plaintiff's] symptoms affect [his] ability to work); *see also Mary H. v. Kijakazi*, No. CV TMD 20-1718, 2021 WL 3617212, at *6 (D. Md. Aug. 16, 2021) ("Plaintiff was, therefore, entitled to rely exclusively on subjective evidence to prove that her symptoms were so continuous or severe that they prevented her from working a full eight-hour day.").

It is the ALJ's responsibility, and not the Court's, "to 'build an accurate and logical bridge from the evidence to his conclusion' that [a claimant's] testimony was not credible." *Monroe*, 826 F.3d at 189 (remanding an ALJ's denial of disability and stating, "if the ALJ decides to discredit [the plaintiff's] testimony . . . it will be incumbent on him to provide a clearer explanation of his reasons for doing so, such that it will allow meaningful review of his

decision"). The ALJ described Plaintiff's subjective complaints extensively but the ALJ did not

consider any of Plaintiff's complaints if it was not supported by the objective evidence. R. 615-

16. Thus, the RFC was devoid of any of Plaintiff's subjective complaints. Although the ALJ

alluded to, and the record is replete with Plaintiff's subjective complaints, the ALJ erred when,

the limitations he afforded to Plaintiff were based solely on objective evidence. Due to the

ALJ's failure to provide sufficient explanations for his determination, remand is warranted. The

Court remands the case with specific instructions for the ALJ to develop the record by providing

a narrative discussion identifying which of Plaintiff's statements he found to be less than credible

and the evidence he relied upon in making that determination. The ALJ should also consider

Plaintiff's subjective complaints in the RFC, regardless of whether they are supported by the

objective evidence, and whether Plaintiff's limitations allow her to persist through an eight-hour

workday and sustain a full-time job.

As mentioned above, Plaintiff also raises other issues for review. However, in view of

the Court's decision to remand the matter due to the improper evaluation of Plaintiff's subjective

complaints, the Court declines to address the remaining issues.[5] *See Brown v. Colvin*, 639 F.

App'x 921, 923 (4th Cir. 2016) (declining to address all of a claimant's issues raised once the

court decided to remand on one issue); *Edna Faye H. v. Saul*, No. TMD-18-581, 2019 WL

4643797, at *6 (D. Md. Sept. 24, 2019).

---

[5] Although the Court has declined to address the issue, the Court cautions the ALJ of cherry-picking on remand. Upon a brief review of the medical records and the ALJ's decision, the Court found it possible that the ALJ engaged in cherry-picking. "The ALJ has the obligation to consider *all* relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (emphasis added). Besides Plaintiff's other arguments that the ALJ should address on remand, the ALJ should address Plaintiff's argument of whether "Plaintiff was disabled six months before she turned 55." (citing 20 C.F. R. Pt. 404, Subpt. P., App. 1, Med.-Voc. Rule 202.04). *See* Pl.'s Reply Br. 1, ECF No. 14; *see* Ruling SSR 82-63, Titles II and XVI

On remand, the ALJ should address the issues raised by Plaintiff. *Timothy H. v. Saul*, No. TMD 18-1675, 2019 WL 4277155, at *7 (D. Md. Sept. 10, 2019). The ALJ should also review and comply with its' previous remand order. In remanding this case, the Court expresses no opinion on whether the ALJ's ultimate decision that Plaintiff was not disabled is correct or incorrect. *See Parker v. Comm'r, Soc. Sec.*, No. ELH-16-2607, 2017 WL 679211, at *4 (D. Md. Feb. 21, 2017).

### IV.     Conclusion

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion and **REMANDS** this matter for further proceedings.


January 26, 2022                                                        _____/s/_____
                                                                                          Charles B. Day
                                                                                          United States Magistrate Judge


CBD/pjkm