## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **COREEN T.** | \* | |
| | \* | |
| v. | \* | **Civil Case No. 19-3372-CBD** |
| | \* | |
| **COMMISSIONER, SOCIAL SECURITY** | \* | |
| | \* | |

**\*\*\*\*\*\*\*\*\*\*\*\*\***

### MEMORANDUM OPINION

Plaintiff has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 17. The Social Security Administration ("SSA") opposed Plaintiff's petition, ECF 18, and Plaintiff filed a Reply, ECF 19. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Plaintiff's Motion will be granted in part and denied in part.

## I.      BACKGROUND

After a denial of benefits during her second time through the administrative appeals process, on November 23, 2019, Plaintiff petitioned this Court to review the SSA's decision to deny her claim. ECF 1. On January 26, 2022, United States Magistrate Judge Charles B. Day issued an order remanding Plaintiff's case to the SSA for further proceedings. ECF 16. Plaintiff timely filed the instant motion for attorney's fees under the EAJA, attaching an itemized billing statement seeking $10,178.78 for 49.18 hours of attorney work.[1] ECF 17. The SSA concedes that Plaintiff is entitled to a recovery of fees, but objects to the total amount of fees requested, ECF 18.

---

[1] The Commissioner correctly notes that the entries in counsel's time sheet add up to 49.16 hours, not 49.18. ECF 17 at 3 n.1. That minor variance in the initial sum claimed would put the total at $10,174.65.

## II.     ANALYSIS

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).  To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment, which is defined as commencing after the time for appeal has run.  *Id.*

Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable."  *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)).  Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked.  *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).  "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."  *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)).  Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable.  *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

The SSA does not challenge Plaintiff's right to a reasonable fee as the prevailing party in this case, and does not appear to contest the hourly rate sought, $206.97.  ECF 18.  Thus, the only remaining issue is whether the number of hours billed is reasonable.

Courts within this circuit have held, and I agree, that in typical Social Security cases it is reasonable for an attorney to expend between twenty and forty hours.  *See, e.g.*, *Faircloth v. Colvin*,

2:13cv156, 2014 WL 5488809, at *11 (E.D. Va. Oct. 29, 2014); *Gibby v. Astrue*, Civil Case No. 2:09cv29, 2012 WL 3155624, at *5 (W.D.N.C. Aug. 2, 2012).  The fees billed in this case exceed that range by a significant percentage.  Thus, it is particularly important for this Court to be able to assess whether reasonable amounts of time were spent on particular tasks.

A fee applicant has the burden of proving the reasonableness of hours for which compensation is requested by submitting to the court contemporaneous time records that show how the requested hours were allotted to specific tasks. *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000). This Court is within its discretion to reduce the fee award as a result of the improper billing entries. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, [a] court may reduce the award accordingly"); *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 716-17 (E.D. Va. 2012) (reducing a total fee award by ten percent where attorneys provided vague and incomplete information and "block billed" or lumped several tasks under a single entry).  While Plaintiff's counsel did not lump tasks together, she also did not provide any meaningful description of the work she was performing on any given day, simply indicating "drafting" or "drafting response" for most of the entries.  That vague description is insufficient to permit this Court to assess the reasonableness of her work and justifies a significant reduction to the hours claimed.

That said, counsel did raise a large number of issues in this appeal, which appear distinct both factually and legally from the issues raised in Plaintiff's earlier appeal to this Court.  The number of issues raised resulted in a lengthy opinion by Judge Day remanding the case.  It is reasonable, then, for the hours expended to have hovered near the upper range of hours attorneys typically spend on similar cases.  This Court, then, will impose a 20% reduction to the 49.16 hours

billed to account for the inadequate recordkeeping, resulting in a total of 39.33 hours worked.[2]  At

an hourly rate of $206.97, this Court will award fees to Plaintiff's counsel in the amount of

$8,140.13, which still dwarfs by a significant margin the typical fee awards in this district for cases

presenting in this procedural posture.

Based on the foregoing, I will issue a separate order GRANTING in part and DENYING

in part Plaintiff's motion for attorney's fees, and awarding her $8,140.13 in fees for 39.33 hours

of work under the EAJA.

Dated:  July 14, 2022                                                    /s/                                 
                                                                    Stephanie A. Gallagher
                                                                    United States District Judge

---

[2] This Court notes that, in Plaintiff's prior case in this Court, her counsel voluntarily offered a sizeable reduction to her billed time.